UNITED STATES v. SOUTHERN PAC. R. CO. et al.

(Circuit Court, S. D. California. April 25, 1898.)

No. 600.

PUBLIC LANDS — RAILROAD GRANTS — CONFIRMING TITLE OF BONA FIDE PURCHASERS.

Act March 2, 1896 (29 Stat. 42), supplementing Act March 3,. 1887 (24 Stat. 556), confirmed the title of bona fide purchasers of land patented under railroad grants, though such patents were issued after the commencement of suit by the United States to forfeit the grants, where made in pursuance of contracts previously entered into by the railroad company in good faith.

This was a suit in equity by the United States against the Southern Pacific Railroad Company, D. O. Mills and Gerrit L. Lansing, trustees, and the Central Trust Company of New York.

The United States Attorney and Joseph H. Call, Special Asst. U. S. Atty.

W. F. Herrin and Wm. Singer, Jr., for defendants.

ROSS, Circuit Judge. The main purpose of the bill in this suit is to obtain a decree quieting, as against the Southern Pacific Railroad Company and its mortgagees, the complainant's alleged title to all of the odd-numbered sections of land in California within the indemnity as well as the primary limits of the grant made by congress to the Atlantic & Pacific Railroad Company, of date July 27, 1866 (14 Stat.

292), with the exception of certain specified subdivisions involved in previous litigation between the parties. The defendants assert title to and rights in the lands under and by virtue of the grants made by congress to the Southern Pacific Railroad Company by the same act (July 27, 1866), as well as by the joint resolution of congress of June 28, 1870 (16 Stat. 382), and by the act of March 3, 1871 (16 Stat. 573). These grants were the subjects of full consideration in cases heretofore brought in this court, and finally determined on appeal by the supreme court of the United States. U. S. v. Southern Pac. R. Co., 146 U. S. 570, 13 Sup. Ct. 152; U. S. v. Colton Marble & Lime Co., 146 U. S. 615, 13 Sup. Ct. 163; U. S. v. Southern Pac. R. Co., Id.; and Southern Pac. R. Co. v. U. S., 168 U. S. 1, 18 Sup. Ct. 18. In my opinion, those decisions of the supreme court determined that the Southern Pacific Company, by its grants, acquired no interest or right in or to any of the odd-numbered sections of land embraced within the granted or indemnity limits of the Atlantic & Pacific Railroad Company, and mortgaged none to its co-defendants. I am of opinion, further, that by the act of congress of March 2, 1896 (29 Stat. 42), supplementing that of March 3, 1887 (24 Stat. 556), such of the lands described in the bill as have been patented by the authorities of the United States to, and were sold by, the defendant railroad company, for value and in good faith, were thereby confirmed to such purchasers, whether such patents were issued prior to the institution of this suit or subsequent thereto for lands for which a contract of sale had been entered into in good faith and for value between the railroad company and the purchaser. For such lands no suit can be maintained by the government to disturb the title of the purchaser, for the reason that congress, by the legislation referred to, has confirmed it. Winona & St. P. R. Co. v. U. S., 165 U. S. 463, 483, 17 Sup. Ct. 368, 381. The reasons for these conclusions will be found fully stated in the opinions in the cases cited, and it is deemed unnecessary to now do more than to refer to them. I do not understand that there is any dispute between the parties as to the lands for which patents have been issued, nor, as to the patents that were issued after the commencement of the suit, that it is disputed that they were for lands purchased of the railroad company in good faith, and for value, before the commencement of the suit. A decree will be entered canceling such of the patents as were issued to the Southern Pacific Railroad Company for lands included in the bill, and not sold by it to a purchaser in good faith and for value, and quieting the title of the complainant, as against the defendants, as to all such lands, and as to all unpatented odd-numbered sections included in the bill situated within 30 miles on either side of the Atlantic & Pacific Railroad as indicated by the map filed by it in 1872 in the general land office, and further decreeing that the complainant take nothing as to such of the said lands as have been patented and were sold by the defendant company to purchasers in good faith and for value.